IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BOONE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 1:05-CV-167 (WLS) |
| KEVIN ROBERTS, Warden, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent | : | BEFORE THE U.S. MAGISTRATE JUDGE |

**O R D E R**

Petitioner **CHRISTOPHER BOONE** has filed a petition seeking a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.[1]  He also seeks leave to proceed without prepayment of the filing fee

or security therefor pursuant to 28 U.S.C. § 1915(a).  It appears that petitioner is unable to pay the

cost of commencing this action and, therefore, petitioner's application to proceed *in forma pauperis*

is hereby **GRANTED**.

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, the

petitioner shall amend his petition to include every unalleged possible constitutional error or

deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be

presumed to have deliberately waived his right to complain of any constitutional errors or

deprivations other than those set forth in his habeas petition.  If amended, the petitioner will be

presumed to have deliberately waived his right to complain of any constitutional errors or

---

[1]Petitioner named the Dougherty County Superior Court as respondent in this action. However, pursuant to Habeas Corpus Rule 2, "the petition must name as respondent the state officer who has custody."  A check of the Georgia Department of Corrections' website shows that petitioner is currently incarcerated at Calhoun State Prison in Morgan, Georgia. Kevin Roberts is the Warden at Calhoun State Prison.  Therefore, the Court has shown Kevin Roberts as the respondent in this action.

deprivations other than those set forth in his amended habeas petition.  See Rule 9(b) of the Rules

Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the respondent file an answer to the allegations of the

petition and any amendments within sixty (60) days after service of this Order and in compliance

with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or

within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be

dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion

to dismiss.

No discovery shall be commenced by either party without the express permission of the

Court.  Unless and until the petitioner demonstrates to this Court that the state habeas Court's fact-

finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state

habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's

consideration of this habeas petition will be limited to an examination of the evidence and other

matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this Order shall be

served by the Clerk by certified mail on the respondent and on the Attorney General of the State of

Georgia.  The Clerk of the Court is further directed to serve a copy of this Order upon the petitioner.

The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change

of address may result in the dismissal of this action.

**SO ORDERED**, this 9th day of May, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE