IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER BOONE, : | |
| Petitioner, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:05-cv-167 (WLS) |
| : | |
| KEVIN ROBERTS, Warden : | |
| Respondent. : | |

**RECOMMENDATION**

Petitioner, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on or about November 21, 2005 (document # 2). On May 9, 2006, the Respondent was ordered to respond to the petition within thirty days (document # 4). To date no response has been filed. Petitioner filed his motion to dismiss the petition without prejudice on May 15, 2006 (document # 5). In his motion Petitioner states that he has not yet exhausted his state court remedies and that his state court petition is scheduled to be heard by the Superior Court of Calhoun County on August 7, 2006.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

By his own admission the petitioner has not exhausted the grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, "there is either an

absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).  The court notes that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Inasmuch as the petitioner has not yet completed his pursuit of available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the RECOMMENDATION of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to re-file once he has exhausted the remedies available to him in the state court system.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file and serve written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of May, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Technically, the Respondent could waive the exhaustion requirement.  However, in the almost thirteen years this writer has served as a full time United States Magistrate Judge he has never seen or heard of a Respondent employed by the State of Georgia waiving exhaustion.